ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ROBERTO QUIÑONES RIVERA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400054 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>B-1986-23<br><br>Sobre:<br>Solicitud de Remedio Administrativo |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de marzo de 2024.

Comparece Roberto Quiñones Rivera (en adelante, recurrente), miembro de la población correccional para solicitarnos la revisión de la *Respuesta al Miembro de la Población Correccional* (Respuesta) emitida el 9 de noviembre de 2023, notificada el 17 de noviembre de 2023. Mediante la *Respuesta* recurrida el Departamento de Corrección y Rehabilitación (en adelante, DCR) desestimó la solicitud de remedio administrativo presentada por el recurrente.

Por los fundamentos que expondremos, se *desestima* el recurso instado, por falta de jurisdicción.

I

El 8 de noviembre de 2023, el recurrente presentó una *Solicitud de Remedio Administrativo,*[1] en la cual alegó, en síntesis, que no deseaba que un confinado tuviese contacto visual con su persona.

---
[1] Véase Expediente Administrativo Certificado, a las págs. 5-6.

Número Identificador

SEN2024_____

El 9 de noviembre de 2023, la División de Remedios Administrativos de la DCR emitió su *Respuesta*, la cual se notificó al recurrente el 17 de noviembre de 2023.[2] En la *Respuesta*, el DCR dispuso lo siguiente:

REGLA XIII SECCI[Ó]N 5 – EL EVALUADOR TIENE LA FACULTAD PARA DESESTIMAR LAS SIGUIENTES SOLICITUDES:

A. SOLICITUD DE REMEDIO ADMINISTRATIVO SIN HABERSE GESTIONADO LA SOLUCI[Ó]N DEL PROBLEMA PLANTEADO CON EL SUPERINTENDENTE DE LA INSTITUCIÓ]N, ENCARGADO DEL HOGAR DE ADAPTACI[Ó]N SOCIAL, COORDINADOR DEL CENTRO DE TRATAMIENTO RESIDENCIAL O CON EL [Á]REA CONCERNIENTE. SR QUIÑONES, LE EXCHORTO A QUE PLANTEE ESTA SITUACI[Ó]N AL SUPERVISOR DE TURNO, TENIENTE, COMANDANTE O SUPERINTENDENTE, COMO ESTABLECE EL REGLAMENTO.

Como parte de la *Respuesta* notificada, el recurrente fue apercibido de que, de estar inconforme, tenía derecho a solicitar la reconsideración en el término de veinte (20) días del recibo de la misma o a presentar un recurso de revisión ante este Tribunal, en el término de treinta (30) días del recibo de la respuesta emitida. La *Respuesta* también incluyó el detalle sobre los procesos subsiguientes, de presentarse una solicitud de reconsideración.[3]

De ahí, el 11 de diciembre de 2023, el recurrente presentó una *Solicitud de Reconsideración*.[4] En respuesta, el 2 de enero de 2024, el recurrente fue notificado de la *Respuesta de Reconsideración al Miembro de la Población Correccional*, mediante la cual se denegó su solicitud.[5]

En desacuerdo, el 2 de febrero de 2024,[6] el recurrente presentó ante nos un recurso de *Revisión* en el cual esgrimió la comisión de dos (2) errores. Junto al recurso instado, también presentó una *Solicitud y Declaración para que se Exima de Pago de*

---

[2] *Id.,* a las págs. 7-8.
[3] *Id.,* a la pág. 8.
[4] *Id.,* a las págs. 9-10.
[5] *Id.,* a las págs. 12-13.
[6] El matasello del envío del recurso de revisión enviado por el recurrente, quien se encuentra confinado, es del 30 de enero de 2024.

*Arancel por Razón de Indigencia.* Mediante *Resolución* del 21 de febrero de 2024, este Tribunal autorizó al recurrente a litigar en el presente caso como indigente. Además, ordenamos a la Administración de Corrección a someter copia certificada del expediente administrativo B-1986-23 y concedimos término al DCR para exponer su posición en cuanto al recurso.

En cumplimiento con lo ordenado, el 28 de febrero de 2024, el DCR presentó copia certificada del expediente administrativo. Por su parte el 4 de marzo de 2024, el DCR, por conducto del Procurador General, presentó *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación* mediante el cual solicitó la desestimación del recurso por alegados cambios acaecidos posterior a la presentación del mismo.

Contando con el beneficio de la comparecencia de las partes y luego de haber evaluado la totalidad del expediente ante nuestra consideración procederemos a exponer el derecho aplicable.

II

## A. Revisión Administrativa

El Tribunal Supremo de Puerto Rico ha sostenido que, el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[7] Para cumplir con ese principio, el artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga la competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[8]

---

[7] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).
[8] Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y(c), Art. 4.006. *Asoc. Condómines v. Meadows Dev., Id.*

En su Sección 4.2[9], la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, LPAU) instituye un término de carácter jurisdiccional de treinta (30) días para solicitar la revisión judicial de una decisión o resolución final de una agencia administrativa.[10] Dicha sección provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración según dispone la Sección 3.15[11] de la LPAU.[12] Además, dicha sección dispone que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[13]

A su vez, la Regla 57 del Reglamento de este Tribunal estatuye lo relacionado al término para presentar un recurso de revisión ante este foro apelativo. Dicha regla dispone lo siguiente:

> El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación el término se calculará a partir de la fecha del depósito en el correo.[14]

**B. Falta de Jurisdicción Debido a Recurso Tardío**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su

---

[9] Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA § 9672., Secc. 4.2.

[10] *Asoc. Condómines v. Meadows Dev.*, *supra.*

[11] Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA § 9655, Secc. 3.15.

[12] *Asoc. Condómines v. Meadows Dev.*, *supra.*

[13] Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA § 9672., Secc. 4.2.

[14] 4 LPRA Ap. XXII-B, R. 57.

consideración.[15] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[16] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[17] Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[18] De manera que, debido a su naturaleza privilegiada, las cuestiones de jurisdicción deben ser resueltas con preferencia, ya sea porque fuera cuestionada o motu proprio, pues, por su naturaleza, incide directamente sobre el poder que tiene para adjudicar las controversias.[19]

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas.[20] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[21] De lo contrario, cualquier dictamen en los méritos será nulo y, por ser ultra vires, no se puede ejecutar.[22]

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Lo

---

[15] *Beltrán Cintrón v. ELA*, 204 DPR 89,101 (2020). *Torres Alvarado v Madera Atiles*, 202 DPR 495, 499-500 (2019). *AAA v. Unión Independiente Auténtica de Empleados de la AAA*, 199 DPR 638, 651-52 (2018).

[16] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[17] *Torres Alvarado v Madera Atiles, supra*, 500. *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). *Ríos Martínez, Com. Alt. PNP v. CLE, supra*.

[18] *AAA v. Unión Abo. AAA*, 158 DPR 273, 279 (2002).

[19] *Allied Management Group, Inc. v Oriental Bank*, 204 DPR 374, 386 (2020). *Torres Alvarado v Madera Atiles, supra. Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018). *Fuentes Bonilla v. ELA*, 200 DPR 364, 372 (2018).

[20] *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019).

[21] 4 LPRA Ap. XXII-B, R. 83. *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, 209 DPR 1 (2022). *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015). *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

[22] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016). *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

anterior, debido a que, un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción.[23] Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[24] Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción.[25] Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro.[26]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[27], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar cuando este foro carece de jurisdicción.

III

Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[28] Es por lo anterior, que, como cuestión de umbral y previo a entrar en los méritos del recurso ante nuestra consideración, debemos auscultar nuestra jurisdicción para intervenir. Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente, es decir, fuera del término disponible para así hacerlo, lo que provoca una ausencia de jurisdicción.

Un examen del recurso ante nuestra consideración revela que el recurso instado por el señor Quiñones Rivera fue presentado de manera tardía. Nos explicamos.

---

[23] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo,* 210 DPR 271, 289 (2022). *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero, supra. Yumac Home Furniture v. Caguas Lumber Yard, supra.*
[24] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo, Id. Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero, Id.* Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 98 (2008).
[25] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo, Id.*
[26] *Yumac Home Furniture v. Caguas Lumber Yard, supra.*
[27] 4 LPRA Ap. XXII-B, R. 83.
[28] *AAA v. Unión Abo. AAA, supra.*

Allá para el 9 de noviembre de 2023, la División de Remedios Administrativos del DCR emitió su *Respuesta* la cual notificó al recurrente el 17 de noviembre de 2023. Conforme a nuestro ordenamiento jurídico, el señor Quiñones Rivera tenía hasta el jueves, 7 de diciembre de 2023, para presentar de forma oportuna una solicitud de reconsideración. Empero, fue el lunes, 11 de diciembre de 2023, la fecha en que conforme se desprende de los autos presentó la misma. Por tanto, la solicitud de reconsideración fue presentada de forma tardía, privando de jurisdicción al DCR de atender la misma. Aun así, y sin autoridad para ello, fue atendida.

Tras haberse presentado el escrito en reconsideración de manera tardía, forzosamente concluimos que el término para acudir ante esta Curia en revisión no comenzó a decursar a raíz de la notificación de la denegatoria de la solicitud de reconsideración, sino, cuando se notificó la *Respuesta*, entiéndase, el 17 de noviembre de 2023. Por lo anterior, el plazo para acudir ante este Tribunal no quedó paralizado. Por tanto, el término para acudir ante esta Curia venció el 18 de diciembre de 2023. Habida cuenta de lo anterior, forzosamente concluimos que no contamos con autoridad para entender en este caso.

IV

Por los fundamentos que anteceden, se *desestima* el recurso instado, por falta de jurisdicción, tras haberse presentado de forma tardía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones